IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAY DAVIS, | § | |
| TDCJ-CID NO.695352, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-3036 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Jay Davis, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. The Court will dismiss petitioner's federal habeas petition as untimely pursuant to 28 U.S.C. § 2244(d).

I.    PROCEDURAL HISTORY

On July 15, 1994, petitioner was convicted of murder and attempted murder in the 209th Criminal District Court of Harris County, Texas. Punishment was assessed at sixty and twenty years confinement in TDCJ-CID, respectively. (Docket Entry No.1). Petitioner's conviction was affirmed in an unpublished opinion, *Davis v. State*, No. 01-94-00793-CR, No. 01-94-00794-CR, 1995 WL 479605 (Tex. App.—Houston [1st Dist.] August 10, 1995) (finding appeal frivolous and without merit). Although petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days after the First Court of Appeals for the State of Texas affirmed his conviction. TEX. R. APP. PROC. 68.2(a). Thus, Petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the appellate court's judgment was entered, on or about September 10, 1995. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed a state habeas corpus application with the state district court on August 29, 2005, with respect to each

conviction. The Texas Court of Criminal Appeals denied the applications without written order on the trial court's findings without a hearing on August 30, 2006. (Docket Entry No.1).

Petitioner executed his petition for a federal writ of habeas corpus with this Court on September 26, 2006. Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). In the pending petition, petitioner seeks federal habeas relief on grounds that his trial and appellate counsel rendered constitutionally ineffective assistance and his guilty plea was involuntary.

II.     ONE-YEAR STATUTE OF LIMITATION

Under AEDPA, habeas corpus petitions are subject to a one-year limitation period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitation period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. at 336). Because petitioner's petition was filed well after that date, the one-year limitation period applies to his claims. *Id.* at 198.

Although the statute of limitation is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the intermediate court of appeals, on or about September 10, 1995. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.1. That date triggered the one-year limitation period which expired on September 10, 1996.

Because the limitation period found in AEDPA was not enacted until April 24, 1996, the Fifth Circuit has recognized that habeas petitioners whose convictions are final before that date are entitled to reasonable notice of the one-year limitation period. *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). In that regard, the Fifth Circuit has determined that one year, commencing on April 24, 1996, is a reasonable period. *Id.* at 1006. Petitioners challenging state convictions that were final before AEDPA's enactment are entitled to the same notice period. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing

*Flanagan*, 154 F.3d at 201-02). Therefore, petitioner had until April 24, 1997, to file his federal writ unless he had a state application for a writ of habeas corpus pending. If petitioner had properly filed a state application before April 24, 1997, the pending application would have tolled the limitation period. *Fields v. Johnson*, 159 F.3d 914, 915-16 (5th Cir. 1998). Petitioner, however, did not file his state application for habeas corpus relief until August, 2005, years after the limitation period expired. Therefore, he is not entitled to the tolling provisions found in § 2244(d)(2).

Petitioner seeks tolling of the limitation period because he did not learn his convictions had been affirmed until November, 2005. (Docket Entry No.6). Petitioner claims that after his attorney filed an *Anders* brief in the state court of appeals in 1994, he sought records from the state district court and the intermediate appellate court to file a *pro se* brief. He claims that neither court responded to his request. (*Id.*). Petitioner maintains that his mother attempted to contact his appellate attorney regarding the status of his appeal and to obtain state district court records without success. In late August of 2005, petitioner filed his state habeas application claiming ineffective assistance of counsel at trial and on appeal. The State filed its response to his application in November, 2005. At that time, petitioner contends he learned that his convictions had been affirmed on appeal. (*Id.*).

The one-year limitation provision of the AEDPA "does not operate as a jurisdictional bar and can in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "As a general rule, equitable tolling operates only 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis*, 158 F.3d at 810-11). "Equitable tolling applies principally where the plaintiff is

4

actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

A petitioner may demonstrate rare and extraordinary circumstances that would entitle him to equitable tolling if he shows that his attorney intentionally deceived him and that he reasonably relied on his attorney's misrepresentations. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2003). Petitioner does not claim that his appellate counsel intentionally deceived him or that he relied on his attorney's representations. Petitioner claims his appellate counsel was negligent; *i.e.*, he did not inform petitioner about the status of his appeal.

Moreover, equitable tolling applies only if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000). In this case, petitioner does not indicate that he attempted to contact the Clerk of the First Court of Appeals for the State of Texas to inquire about the disposition of his appeal. Instead, after his attorney filed an *Anders* brief in the state court of appeals, petitioner waits ten years to file a state habeas application. "One cannot remain idle for such a length of time and then legitimately claim entitlement to equitable relief." *Lewis v. Cockrell*, 275 F.3d 46 (5th Cir. 2001) (not designated for publication) (holding that a district court may properly consider the diligence of a petitioner both before and after he receives delayed notice of the denial of his PDR).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for

the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999). Petitioner's federal habeas corpus petition, executed September 26, 2006 is therefore untimely.

III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial

showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore, a certificate of appealability from this decision will be denied.

IV.     CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Petitioner's petition for writ of habeas corpus is DENIED.

2.  This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

3.  A certificate of appealability is DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, on 22nd day of December, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE